1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    GORDON ANDREW DOUGLAS,                    No.  2:13-cv-00685 KJM EFB (HC)

12                      Petitioner,

13         v.                                   ORDER

14    GREG LEWIS,

15                      Respondent.

16

17         Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas

18    corpus under 28 U.S.C. § 2254.  The matter was referred to a United States Magistrate Judge as

19    provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

20         On August 21, 2013, the magistrate judge filed findings and recommendations, which

21    were served on petitioner and which contained notice to petitioner that any objections to the

22    findings and recommendations were to be filed within fourteen days.  Petitioner has filed

23    objections to the findings and recommendations.

24         In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this

25    court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, this

26    court determines the instant writ is not a successive petition and so declines to adopt the findings

27    and recommendations.

28    /////

                                            1

1    I.  BACKGROUND

2          On April 28, 1997, petitioner filed a petition for a writ of habeas corpus

3    challenging his convictions for murder and arson of an inhabited dwelling.  *Douglas v. Cambra*,

4    Civ. No. S-97-775 KJM JFM P, ECF No. 1.[1]  On March 18, 1998, the court stayed proceedings to

5    allow petitioner to exhaust several claims in state court.  ECF Nos. 18, 20.

6          Petitioner returned to this court on December 7, 1998 and the court lifted the stay.

7    ECF Nos. 21, 23.   On March 14, 2000, the magistrate judge recommended the petition be denied;

8    the district court adopted this recommendation on August 18, 2000.  ECF Nos. 28, 31.

9          Petitioner appealed and on July 20, 2004, the Ninth Circuit affirmed the decision

10   in part and reversed it in part, remanding the case for further proceedings.  ECF Nos. 34, 38.

11         On June 20, 2005, the magistrate judge recommended that the remaining claims be

12   denied.  ECF No. 50.  On August 25, 2005, the district court declined to adopt the

13   recommendation and referred the case back to the magistrate judge for further proceedings.  ECF

14   No. 54.

15         On November 1, 2007, the magistrate judge recommended that petitioner's arson

16   conviction for a violation of California Penal Code  § 451(b) be vacated and the case returned to

17   state court with the direction to resentence petitioner as provided in California Penal Code

18   § 451(c).  ECF No. 60.   On February 25, 2008, the district court adopted this recommendation in

19   full.  ECF No. 67.

20         Plaintiff appealed and the Ninth Circuit directed this court to issue a conditional

21   writ of habeas corpus.  ECF Nos. 69, 76.  On February 7, 2011, this court granted petitioner's

22   fifth claim, directing that petitioner's conviction for violating Penal Code § 451(b) be vacated if

23   the state declined to resentence petitioner under § 451(c) within ninety days.  ECF No. 89.

24         On April 11, 2012, the parties filed a joint status report informing this court that

25   the Sacramento County Superior Court judge assigned to the case concluded the superior court

26   did not have jurisdiction to resentence petitioner and directed that the conviction under § 451(b)

27

28         [1] Further docket references in this section are to Civ. No. S-97-775 KJM-JFM P unless
     otherwise indicated.

2

1  be stricken.  He further directed the clerk to prepare an amended abstract of judgment, effective

2  September 2011, reflecting the murder conviction only with a notation that the arson conviction

3  had been stricken.  ECF No. 92 at 1-2.

4       Thereafter the parties filed a stipulation for dismissal of the habeas case, which the

5  court adopted on April 24, 2012.  ECF Nos. 94, 95.

6       On April 8, 2013, petitioner filed the instant petition, challenging the proceedings

7  in superior court in response to this court's order.  Civ. No. S-13-685 KJM JFM (HC), ECF

8  No. 1.  Although the petition identifies the original date of conviction, it also reports the

9  subsequent resentencing.  *Id*. at 1, 7.  The magistrate judge recommended the writ be denied as

10  successive because petitioner had not asked the Ninth Circuit for an order authorizing the action.

11  ECF No. 7.

12  II.  ANALYSIS

13       Under 28 U.S.C. § 2244(3)(A), "[b]efore a second or successive application . . . is

14  filed in the district court, the applicant shall move in the appropriate court of appeals for an order

15  authorizing the district court to consider the application."  The magistrate judge relied on this

16  provision in recommending that the instant petition be dismissed.

17       In *Magwood v. Patterson*, the Supreme Court held that a subsequent habeas

18  petition challenging a judgment entered after a resentencing was not second or successive, so long

19  as the original petition had been filed before the resentencing and challenged the original

20  judgment.  561 U.S. 320, 130 S. Ct. 2788, 2801 (2010).  The Supreme Court said the term

21  "'second or successive must be interpreted with respect to the judgment challenged," so when

22  there is a new judgment intervening between the two habeas petitions, the latter petition is not

23  "second or successive."  *Id*. at 2797, 2802.  In *Wentzell v. Neven*, the Ninth Circuit relied on

24  *Magwood* in concluding that a petition filed after the state court issued an amended judgment was

25  not second or successive even though the amended judgment did not change the convictions or

26  sentences on the charges that had not been vacated in the prior habeas proceedings.  674 F.3d

27  1124, 1126-27 (9th Cir. 2012), *cert. denied*, __ U.S. __, 133 S. Ct. 2336 (2013).

28  /////

1    In the instant case petitioner is challenging the amended judgment issued in

2  response to the earlier proceedings in this court.  Because of this intervening judgment, the instant

3  petition is not "second or successive."

4    IT IS THEREFORE ORDERED:

5    1.  The court declines to adopt the findings and recommendations issued August

6  21, 2013; and

7    2.  The case is referred back to the magistrate judge for further proceedings.

8  DATED:  January 8, 2014.

9

10    _____

11    UNITED STATES DISTRICT JUDGE