UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GORDON ANDREW DOUGLAS,<br><br>Petitioner,<br><br>vs.<br><br>CLARK E. DUCART,<br><br>Respondent.[1] | No. 2:13-cv-685-KJM-EFB P<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner proceeding without counsel with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He claims that his right to due process was violated by the state courts' implementation of a federal court order issued in a previous federal habeas action filed by petitioner. Upon careful consideration of the record and the applicable law, it is recommended that petitioner's application for habeas corpus relief be denied.

/////

/////

/////

---

[1] Greg Lewis was previously named as the respondent. The court now substitutes in the correct respondent, Clark E. Ducart, Warden of Pelican Bay State Prison, where petitioner is presently incarcerated. *See Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994) ("A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition.") (citing Rule 2(a), 28 U.S.C. foll. § 2254); *see also Smith v. Idaho*, 392 F.3d 350, 355-56 (9th Cir. 2004).

## I. Background

On April 28, 1997, petitioner filed a petition for a writ of habeas corpus in this court. *Douglas v. Cambra*, No. 2:97-cv-775 KJM JFM P.[2] Therein, petitioner raised several claims challenging his 1993 conviction on charges of first degree murder in violation of Cal. Penal Code § 187, and arson of an inhabited dwelling in violation of Cal. Penal Code § 451(b), and his sentence of thirty-three years to life in prison imposed thereon. On November 1, 2007, the assigned magistrate judge recommended that habeas relief be granted on one of petitioner's claims: that the evidence was insufficient to support his conviction for arson of an inhabited dwelling, in violation of Cal. Penal Code § 451(b). Case No. 2:97-cv-775 KJM JFM P, ECF No. 60. On February 25, 2008, the assigned district judge adopted the November 1, 2007 findings and recommendations, vacated petitioner's conviction for a violation of Cal. Penal Code § 451(b), and remanded the matter to the state court with directions that the portion of petitioner's sentence imposed for his conviction on the arson charge be stricken and that petitioner be re-sentenced on the lesser included offense of arson of a structure, in violation of Cal. Penal Code § 451(c).[3] *Id.*, ECF No. 67. Petitioner appealed that order, challenging the remedy ordered by the district court. *Id.*, ECF No. 69.

On November 24, 2010, in a published opinion, the United States Court of Appeals for the Ninth Circuit held that the district court exceeded its habeas jurisdiction when it instructed the

---

[2] *See Mirmehdi v. United States*, 689 F.3d 975, 983 (9th Cir. 2012) (court may take judicial notice of matters of public record); *Valerio v. Boise Cascade Corp.*, 80 F.R.D. 626, 635 n. 1 (N.D. Cal. 1978) (judicial notice may be taken of court records), *aff'd*, 645 F.2d 699 (9th Cir. 1981).

[3] The evidence introduced at petitioner's trial established that:

> Douglas and his brother broke into Jack Clark's home to commit a robbery. During the course of the robbery, Douglas stabbed Clark to death. Several hours later after Clark was killed, Douglas and his brother returned to the scene of their crime and set fire to Clark's house to destroy any fingerprints they might have left behind. Douglas was sentenced to twenty-five years to life in prison on the murder count, with a consecutive sentence of eight years on the arson count.

*Douglas v. Jacquez*, 626 F.3d 501, 503 (9th Cir. 2010).

1  state court to revise its judgment to enter a sentence for petitioner's conviction of the lesser
2  included offense of arson of a structure. The Ninth Circuit vacated the district court opinion, and
3  remanded the matter to the district court with instructions to issue a conditional writ of habeas
4  corpus if the state court did not resentence petitioner within ninety days. *Douglas v. Jacquez*, 626
5  F.3d 501 (9th Cir. 2010).[4]

On remand the District Court issued the following order:

> Petitioner's fifth claim for relief is granted to the extent that petitioner's conviction for violation of California Penal Code section 451(b) is vacated if the state court, after ninety (90) days of the entry of this order, declines to re-sentence petitioner under section 451(c).

*Douglas v. Jacquez*, No. 2:97-cv-775 KJM JFM P, ECF No. 89.

Petitioner subsequently filed a petition for a writ of certiorari in the United States Supreme Court. *Id.*, ECF No. 92 at 20. By order dated January 9, 2012, that petition was summarily denied. *Id.*

Meanwhile, in state court, the California Attorney General sent the Sacramento Superior Court a letter describing the matters set forth above, and the prosecutor filed a request in Superior Court that petitioner be sentenced on the lesser included offense of violating Cal. Penal Code § 451(c), arson of a structure. Resp't's Lodg. Doc. 2. In response, on September 2, 2011, the Superior Court issued a tentative ruling in which it concluded that it did not have jurisdiction to re-sentence petitioner for a violation of Cal. Penal Code § 451(c). *Id.* Instead, the Superior Court ordered that petitioner's conviction for a violation of § 451(b) would be stricken from the record 90 days after the June 29, 2011 order signed by the federal district court, with no further action taken. *Id.* Specifically, the Superior Court opined as follows:

---

[4] The Ninth Circuit instructed as follows:

> The district court's order is vacated. We remand Douglas's habeas petition to the district court, and instruct the district court to issue a conditional writ of habeas corpus if the state court does not re-sentence Douglas within 90 days. The California state court may, in its discretion, enter a conviction for Douglas under § 451(c).

*Id.* at 507.

3

> Thus, this court must await 90 days from June 29, 2011, for the Penal Code § 451(b) conviction to be deemed stricken, and after that time will have jurisdiction only to correct the unlawful sentence that currently includes punishment for the Penal Code § 451(b) offense. This court will not have jurisdiction to substitute a Penal Code §451(c) conviction for the stricken Penal Code § 451(b) conviction at that time.

*Id.* at consecutive p. 5.

Petitioner subsequently filed in the Superior Court a motion "for an order correcting an unauthorized sentence in this matter" and to "strike a victim restitution award to the Sacramento Fire Department in the amount of $2,663.81." Resp't's Lodg. Doc. 3 at consecutive p. 1. In response, the Sacramento County Superior Court issued an order stating:

> As of September 26, 2011, the Penal Code § 451(b) conviction has been deemed to have been stricken, pursuant to this court's order issued on September 2, 2011. The clerk of the court, however, still needs to prepare a blue sheet minute order to memorialize this, and to prepare an amended abstract of judgment reflecting the sentence for the murder conviction and that the Penal Code § 451(b) conviction was stricken per court order on September 2, 2011.

*Id.*

That court denied petitioner's request that the restitution award be stricken, explaining that:

> Defense counsel, however, is mistaken in arguing that the victim restitution awarded to the Sacramento Fire Department must be vacated now that the Penal Code § 451(b) conviction has been stricken. The evidence remains that defendant set fire to the victim's residence in an attempt to cover up the murder that he had just committed. It was a mere technicality that has ended in the striking of the Penal Code §451(b) conviction, due to the fact that the victim was already dead when the residence was set on fire, thereby rendering the residence one that was no longer inhabited. If the trial court had realized the error at the time of trial, instruction on a Penal Code § 451(c) offense would have been given and would have resulted in a guilty verdict on that offense. As the evidence at trial clearly showed arson of the victim and the victim's residence as an act intended to cover up the murder, and thus was a part of the continuing course of conduct of the defendant, victim restitution based on the arson was properly awarded for the murder itself. As defense counsel makes no other challenge to the award of victim restitution, and as this court has no jurisdiction to entertain any other challenge to the award in a postjudgment motion, there is no need to disturb the award of victim restitution imposed in this case.

*Id.* at consecutive p. 2. The Superior Court directed the Clerk of Court to: (1) prepare a minute

order, *nunc pro tunc* to September 26, 2011, indicating that petitioner's conviction for a violation of Cal. Penal Code § 451(b) was stricken from the state court record pursuant to *Douglas v. Jacquez*, 626 F.3d 501 (9th Cir. 2010) and the Superior Court order issued on September 2, 2011; and (2) prepare an amended abstract of judgment reflecting petitioner's murder conviction but noting that petitioner's conviction pursuant to § 451(b) was stricken pursuant to the Superior Court's order of September 2, 2011. *Id.* at consecutive p. 3. The Clerk of Court subsequently carried out this order. *Id.* at consecutive p. 10.

On April 24, 2012, based upon the stipulation of the parties, the federal district court dismissed *Douglas v. Cambra*, No. 2:97-cv-775 KJM JFM P in its entirety and that case was closed. Case No. 2:97-cv-775 KJM JFM P, ECF No. 95.

Thereafter, on August 28, 2012, petitioner filed a petition for a writ of habeas corpus in the California Superior Court, Resp't's Lodg. Doc. 4, claiming that the Superior Court's December 7, 2011 order did not comply with the Ninth Circuit decision in *Douglas v. Jacquez*, 626 F.3d 501 (9th Cir. 2010). He argued, in essence, that the state court should have ordered that he was "acquitted" on the charge of arson of an occupied dwelling rather than simply striking that conviction from the record. *Id.* He explained that because the Superior Court struck his arson conviction instead of issuing an order of acquittal, it "continued to use and hold arson evidence against petitioner, even though it has no jurisdiction and no power to hear and determine it." *Id.* The Superior Court construed these allegations as a claim that "[petitioner] should be deemed acquitted of the arson rather than merely having the arson conviction 'stricken.'" Resp't's Lodg. Doc. 5, at 1. The court noted that there may have been a technical error in utilizing the word "stricken" instead of "vacated" in its December 7, 2011 order, but the semantical distinction is one without any substantive difference. *Id*. at 1-4. The court ruled as follows:

> Petitioner has filed the instant habeas petition, as Sacramento County Superior Court Case No. 12HC00420, to challenge this court's December 7, 2011 order in Sacramento County Superior Court Case No. CR113481. Specifically, he claims that this court "imposed and carried out an unlawful Ninth Circuit order, *Douglas v. Jacquez* (9th Cir. 2010) 626 F.3d 501." He claims that "[a]bsent an acquittal of his arson conviction, there is simply nothing in the record supporting an order by the state court compelling petitioner's strickened arson order." Rather, []he claims "there was one

5

appropriate course of action and one course only: the issuance of a conditional writ ordering petitioner's acquittal on the arson charge." He claims that the federal district court's "finding of insufficient evidence" was the "legal equivalent of an entry of a judgment of acquittal at trial." He appears to take issue with this court's use of the terminology in the December 7, 2011 order that the arson conviction is "stricken" rather than that he has essentially been "acquitted" of the charge.

Petitioner also mentions his defense counsel's post-*Douglas v. Jacquez* motion to strike the victim restitution awarded to the Sacramento Fire Department, but does not appear to raise any actual claim with regard to the motion and this court's order regarding the motion. Rather, he incorporates it into a continued attack on the court's use of the word "stricken." He attempts to allege the same attack as three separate grounds, but the attack appears to be virtually the same claim, that he should be deemed acquitted of the arson rather than merely having the arson conviction "stricken."

The matter is one of semantics. When a defendant claims insufficiency of the evidence on direct appeal of a conviction, and the appellate court agrees and finds the evidence insufficient, the appellate court will typically "reverse" the conviction. "'A reversal based on the insufficiency of the evidence has the same effect [as a judgment of acquittal] because it means that no rational factfinder could have voted to convict the defendant.'" (*People v. Seel* (2004) 34 Cal.4th 535, 544). The appellate courts have also directed that a conviction be "stricken" for insufficiency of the evidence, on direct appeal (*see People v. Espinoza* (2002) 95 Cal.App.4th 1287, 1324). In this case, however, it was the federal court on collateral review that invalidated the conviction due to insufficiency of the evidence. Upon re-examination of the June 29, 2011 order from the United States District Court, Eastern District of California, in *Douglas v. Jacquez*, Docket No. CIV S-07-0775 KJM JFM (HC), it now appears to this court that the exact language of the federal district court was as follows: "Petitioner's fifth claim for relief is granted to the extent that petitioner's conviction for violation of California Penal Code section 451(b) is *vacated* if the state court, after ninety (90) days of the entry of this order, declines to re-sentence petitioner under section 451(c)" [emphasis added]. As such, it appears that this court may have made a technical error in semantics in utilizing the word "stricken" instead of "vacated" in its December 7, 2011 order, a distinction without any substantive difference.

Although the vacating of the conviction for arson may be viewed as having the same effect as a judgment of acquittal, petitioner does not demonstrate that he is entitled to a court order specifically proclaiming that he has been "acquitted" of violating Penal Code § 451(b). Rather, all he is entitled to is an order correcting the December 7, 2011 order to reflect the exact wording of the federal court order in *Douglas v. Jacquez*, that the conviction is "vacated" rather than "stricken."

>In the interest of judicial economy, correcting the use of "stricken" to instead be "vacated" is more easily achieved by the court, on its own motion, modifying its ruling on December 7, 2011, to instead require the clerk of the court to forthwith: (1) prepare a blue sheet minute order, nunc pro tunc to September 26, 2011, indicating that "The PC 451(b) conviction is deemed vacated, pursuant to *Douglas v. Jacquez* (9th Cir. 2010) and this court's orders issued on 9/2/11 and [date of issuance of the instant order]," (2) prepare an amended abstract of judgment reflect the murder conviction and reflecting, in an asterisk at the bottom of the page, that "The PC 451(b) conviction was vacated per court's orders of 9/2/11 and [date of issuance of the instant minute order]," and (3) give notice of the new order, the blue sheet minute order, and the amended abstract of judgment to the Department of Corrections and Rehabilitation, the California Attorney General, the Sacramento County District Attorney, defense counsel Joseph B. de Illy, and defendant Gordon Douglas.

*Id*. The Clerk of the Sacramento County Superior Court subsequently issued an amended abstract of judgment on October 17, 2012, reflecting that petitioner had been convicted of murder; that he had received a sentence of twenty-five years to life on that charge; that petitioner's conviction pursuant to Cal. Penal Code § 451(b) had been "vacated per court's order of 9/2/11 and October 17, 2012;" and that petitioner had been assessed fines payable to a victim and to the Sacramento Fire Dept.  Resp't's Lodg. Doc. 1.

On December 21, 2012, petitioner filed a petition for a writ of habeas corpus in the California Supreme Court, in which he raised the same claims that he had raised in his habeas petition filed in the Superior Court.  Resp't's Lodg. Doc. 6.  The California Supreme Court summarily denied that petition on March 13, 2013.  Resp't's Lodg. Doc. 7.

Petitioner filed the instant federal habeas petition on April 8, 2013.  ECF No. 1. Respondent filed an answer on April 7, 2014, and petitioner filed a traverse on May 15, 2014. ECF Nos. 19, 21.

**II.  Standards of Review Applicable to Habeas Corpus Claims**

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States.  28 U.S.C. § 2254(a).  A federal writ is not available for alleged error in the interpretation or application of state law.  *See Wilson v. Corcoran*, 562 U.S. 562 U.S. ___, ___, 131 S. Ct. 13, 16

7

(2010); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Park v. California*, 202 F.3d 1146, 1149 (9th Cir. 2000).

Title 28 U.S.C. § 2254(d) sets forth the following standards for granting federal habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

For purposes of applying § 2254(d)(1), "clearly established federal law" consists of holdings of the United States Supreme Court at the time of the last reasoned state court decision. *Thompson v. Runnels*, 705 F.3d 1089, 1096 (9th Cir. 2013) (citing *Greene v. Fisher*, ___ U.S. ___, 132 S.Ct. 38 (2011); *Stanley v. Cullen*, 633 F.3d 852, 859 (9th Cir. 2011) (citing *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)). Circuit court precedent "may be persuasive in determining what law is clearly established and whether a state court applied that law unreasonably." *Stanley*, 633 F.3d at 859 (quoting *Maxwell v. Roe*, 606 F.3d 561, 567 (9th Cir. 2010)). However, circuit precedent may not be "used to refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal rule that th[e] [Supreme] Court has not announced." *Marshall v. Rodgers*, 133 S. Ct. 1446, 1450 (2013) (citing *Parker v. Matthews*, 132 S. Ct. 2148, 2155 (2012) (per curiam)). Nor may it be used to "determine whether a particular rule of law is so widely accepted among the Federal Circuits that it would, if presented to th[e] [Supreme] Court, be accepted as correct. *Id.* Further, where courts of appeals have diverged in their treatment of an issue, it cannot be said that there is "clearly established Federal law" governing that issue. *Carey v. Musladin*, 549 U.S. 70, 77 (2006).

A state court decision is "contrary to" clearly established federal law if it applies a rule contradicting a holding of the Supreme Court or reaches a result different from Supreme Court

8

precedent on "materially indistinguishable" facts. *Price v. Vincent*, 538 U.S. 634, 640 (2003). Under the "unreasonable application" clause of § 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case.[5] *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003); *Williams*, 529 U.S. at 413; *Chia v. Cambra*, 360 F.3d 997, 1002 (9th Cir. 2004). In this regard, a federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams*, 529 U.S. at 412. *See also Schriro v. Landrigan*, 550 U.S. 465, 473 (2007); *Lockyer*, 538 U.S. at 75 (it is "not enough that a federal habeas court, in its independent review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous.'"). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S.__, __,131 S. Ct. 770, 786 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Accordingly, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*,131 S. Ct. at 786-87.

If the state court's decision does not meet the criteria set forth in § 2254(d), a reviewing court must conduct a de novo review of a habeas petitioner's claims. *Delgadillo v. Woodford*, 527 F.3d 919, 925 (9th Cir. 2008); *see also Frantz v. Hazey*, 533 F.3d 724, 735 (9th Cir. 2008) (en banc) ("[I]t is now clear both that we may not grant habeas relief simply because of § 2254(d)(1) error and that, if there is such error, we must decide the habeas petition by considering de novo the constitutional issues raised.").

---

[5] Under § 2254(d)(2), a state court decision based on a factual determination is not to be overturned on factual grounds unless it is "objectively unreasonable in light of the evidence presented in the state court proceeding." *Stanley*, 633 F.3d at 859 (quoting *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004)).

9

The court looks to the last reasoned state court decision as the basis for the state court judgment. *Stanley*, 633 F.3d at 859; *Robinson v. Ignacio*, 360 F.3d 1044, 1055 (9th Cir. 2004). If the last reasoned state court decision adopts or substantially incorporates the reasoning from a previous state court decision, this court may consider both decisions to ascertain the reasoning of the last decision. *Edwards v. Lamarque*, 475 F.3d 1121, 1126 (9th Cir. 2007) (en banc). "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Richter*, 131 S. Ct. at 784-85. This presumption may be overcome by a showing "there is reason to think some other explanation for the state court's decision is more likely." *Id.* at 785 (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991)). Similarly, when a state court decision on a petitioner's claims rejects some claims but does not expressly address a federal claim, a federal habeas court must presume, subject to rebuttal, that the federal claim was adjudicated on the merits. *Johnson v. Williams*, ___ U.S. ___, ___, 133 S.Ct. 1088, 1091 (2013).

Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under § 2254(d). *Stanley*, 633 F.3d at 860; *Himes v. Thompson*, 336 F.3d 848, 853 (9th Cir. 2003). "Independent review of the record is not de novo review of the constitutional issue, but rather, the only method by which we can determine whether a silent state court decision is objectively unreasonable." *Himes*, 336 F.3d at 853. Where no reasoned decision is available, the habeas petitioner still has the burden of "showing there was no reasonable basis for the state court to deny relief." *Richter*, 131 S. Ct. at 784.

A summary denial is presumed to be a denial on the merits of the petitioner's claims. *Stancle v. Clay*, 692 F.3d 948, 957 & n. 3 (9th Cir. 2012). While the federal court cannot analyze just what the state court did when it issued a summary denial, the federal court must review the state court record to determine whether there was any "reasonable basis for the state court to deny relief." *Richter*, 131 S. Ct. at 784. This court "must determine what arguments or theories ... could have supported, the state court's decision; and then it must ask whether it is possible

10

fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Id.* at 786. The petitioner bears "the burden to demonstrate that 'there was no reasonable basis for the state court to deny relief.'" *Walker v. Martel*, 709 F.3d 925, 939 (9th Cir. 2013) (quoting *Richter*, 131 S. Ct. at 784).

When it is clear, however, that a state court has not reached the merits of a petitioner's claim, the deferential standard set forth in 28 U.S.C. § 2254(d) does not apply and a federal habeas court must review the claim de novo. *Stanley*, 633 F.3d at 860; *Reynoso v. Giurbino*, 462 F.3d 1099, 1109 (9th Cir. 2006); *Nulph v. Cook*, 333 F.3d 1052, 1056 (9th Cir. 2003).

**III. Petitioner's Claims**

**A. Description of Claims**

The petition before this court raises three grounds for relief. The first claim is stated, in full, as follows:

> I was denied due process and the correct re-sentence when the state court imposed and carried out an unlawful Ninth Circuit order.
>
> When petitioner filed his moving papers with the district court, it was the judgment of conviction of inhabited/arson that he attacked on insufficiency of evidence grounds, not the sentence imposed. Absent an acquittal of his arson conviction, there is simply nothing in the record supporting an order by the Ninth Circuit compelling the state court to impose order [stricken] or vacating petitioner's arson conviction. Once the district court determined that petitioner's conviction of inhabited/arson was not supported by sufficient evidence, there was one appropriate course of action and one course only: the issuance of a unconditional writ ordering petitioner's acquittal on the arson charge. A district court's finding of insufficient evidence in habeas proceedings is the legal equivalent of an entry of a judgment of acquittal at trial.

ECF No. 1 at 9.[6]

Petitioner's second claim for relief is stated, in full, as follows:

> I was denied due process under the 5th and 14th Amendment when the state court ordered arson charge stricken/vacated then continued to use and hold arson evidence against petitioner.

---

[6] Page number citations such as this one are to the page numbers reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

11

> Petitioner filed a motion asking state court to strike restitution awarded to the Sacramento Fire Dept. in the amount of $2,663.81. Because state court imposed the unlawful order by the Ninth Circuit. The state court uncharacteristically misstated [it was a mere technicality that has ended in the stricking [sic]/vacating arson conviction, due to the fact that the victim was already dead when the residence was set on fire, thereby rendering the residence one that was no longer inhabited. If the trial court had realized the error at the time of trial, instruction on a P.C. 451(c) offense would have been given and would have resulted in a guilty verdict on that offense.] Petitioner was originally charged with a P.C. 451(a), the trial rested and knew petitioner would not be found guilty on that charge so they changed it to P.C. 457(b) over objection, petitioner should have been found not guilty and acquitted, as district court found.

*Id.*

Petitioner's third claim for relief is stated, in full, as follows:

> I was denied due process under the 5th and 14th Amendment to the U.S.C. when state court imposed the unlawful Ninth Circuit order. Petitioner was denied the lawful relief appropriate for insufficient evidence.
>
> On November 14, 2011 petitioner filed an ex parte motion for retrial on remaining charge of 187 because petitioner was denied the correct and proper relief as a result of district court granting relief based on insufficiency of evidence and the state court carrying out the unlawful order pursuant to the Ninth Circuit, which resulted in state court striking-vacating arson charge. Petitioner was in effect hindered by the striken [sic]/vacated arson, whereas the petitioner should of received the correct and proper lawful relief which is equivalent to acquittal of the arson charge thereby allowing petitioner to exercise and file for his proper remedies, striken [sic]-vacate is not same as acquittal.

*Id.* at 10.

In his traverse, petitioner continues to argue that because the California Superior Court ordered his arson charge "stricken" or "vacated" instead of issuing an order acquitting him of that charge, the state courts continue to "hold and use the arson evidence against petitioner." ECF No. 21 at 11. He argues that the Superior Court order vacating the arson conviction has prevented him from "exercise[ing] and fil[ing] his proper remedies." *Id.* at 12. More specifically, petitioner argues that the state courts "continued [to] hold the arson evidence against petition[er] when it did not strike a restitution award of $2,663.82 to the Sacramento Fire Department in connection with the striken [sic] arson charge." *Id.* at 14. Petitioner also contends that if he had received a

12

1    judgment of acquittal, he would have "absolute immunity" under the Double Jeopardy Clause
2    from "further prosecution for the same offense." *Id.* at 16.  He explains that "because the district
3    court erred in granting petitioner the correct judgment of acquittal based on insufficiency of the
4    evidence, prosecution of the arson charge is still being suffered by the petitioner." *Id.* at 17.

5    Petitioner also argues that the Sacramento County Superior Court did not have jurisdiction
6    to issue an order striking or vacating his arson conviction from the record.  *Id.* at 11.  He argues
7    that "the Ninth Circuit's order violated due process of law because it, in effect, ordered the
8    California Superior Court to modify a judgment of conviction that under state law it no longer
9    had jurisdiction to modify."  *Id.* at 19.

10   Petitioner further argues that the Ninth Circuit's remand order itself "was unlawful when
11   it did not direct the District Court to enter a judgment of acquittal."  *Id.* at 13.  He contends that "a
12   state prisoner who has been granted habeas relief based on a claim of insufficient evidence [is]
13   entitled to a judgment of acquittal."  *Id.* at 15.  Put another way, petitioner argues that "the Ninth
14   Circuit order violates due process because it ordered a state court to exceed its jurisdiction under
15   state law by modifying petitioner's sentence."  *Id.* at 22.

16   Finally, citing *Burks v. United States*, 437 U.S. 1, 10-11 (1978) and *United States v.*
17   *Bodey*, 607 F.2d 265, 267 (9th Cir. 1979), petitioner argues that "a district court's finding of
18   insufficient evidence in habeas proceedings is the legal equivalent of an entry of a judgment of
19   acquittal at trial."  *Id.*  Citing *Fay v. Noia*, 372 U.S. 391, 431 (1963), petitioner argues that "a
20   federal court cannot directly compel a state court to amend its judgment through a conditional
21   writ."  *Id.*

22   **B.  Exhaustion**

23   Respondent argues that none of petitioner's claims has been exhausted in state court
24   because he did not raise a federal constitutional challenge to the state courts' failure to issue an
25   order acquitting him of the arson charge.  ECF No. 19 at 8-10.

26   Generally, a state prisoner must exhaust all available state court remedies either on direct
27   appeal or through collateral proceedings before a federal court may consider granting habeas
28   corpus relief.  28 U.S.C. § 2254(b)(1).  A state prisoner satisfies the exhaustion requirement by

13

fairly presenting his claim to the appropriate state courts at all appellate stages afforded under state law. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Casey v. Moore*, 386 F.3d 896, 915-16 (9th Cir. 2004). However, an application for a writ of habeas corpus "may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2). *See Cassett v. Stewart*, 406 F.3d 614, 624 (9th Cir. 2005) (a federal court considering a habeas petition may deny an unexhausted claim on the merits when it is perfectly clear that the claim is not "colorable").

For the reasons set forth below, whether or not petitioner's due process claim was properly exhausted in state court, it lacks merit and federal habeas relief on that claim must be denied.

**C. Analysis**

**1. Violation of State Law**

To the extent petitioner is arguing that the state court decision on his due process claims violated state law, these claims are not cognizable in this federal habeas corpus action. As explained above, "it is not the province of a federal habeas court to reexamine state court determinations on state law questions." *Wilson*, 131 S. Ct. at 16 (quoting *Estelle*, 502 U.S. at 67). Thus, whether or not the California Superior Court violated state law in failing to issue an order acquitting petitioner of the arson charge, or whether the California Superior Court lacked jurisdiction under state law to issue its order(s), is not properly before this court.

**2. Judgment of Acquittal**

The gravamen of petitioner's complaints is that the California Superior Court's failure to issue an order acquitting him of the charge of arson of an inhabited structure violated his due process rights. Petitioner contends that he has been harmed by his failure to obtain a court order "acquitting" him of this charge because: (1) he is now deprived of his right under the Double Jeopardy Clause not to be tried again on the arson charge; (2) he is still required to pay a restitution fine to the Sacramento Fire Department based on that charge; and (3) he cannot obtain a retrial on his murder charge based on an acquittal of the arson charge. Petitioner also argues

/////

1 that the Ninth Circuit improperly ordered the state court to do something it lacked jurisdiction to
2 do.

3       The court notes first that in order to prevail on his due process claims in federal court,
4 petitioner must demonstrate that the state court decision on those claims is contrary to or an
5 unreasonable application of United States Supreme Court authority, or is based on an
6 unreasonable determination of the facts of this case.  As set forth above, petitioner must show that
7 the state court decision is objectively unreasonable, or "so lacking in justification that there was
8 an error well understood and comprehended in existing law beyond any possibility for fairminded
9 disagreement."  *Richter*, 131 S. Ct. at 786-87.  Petitioner has failed to make this showing.

10       Petitioner has not cited any United States Supreme Court case, and this court has found
11 none, holding that a state prisoner who has been granted habeas relief in federal court based on a
12 claim that one of the charges against him was not supported by sufficient evidence is entitled to
13 an order by the federal court directing the state court to issue an order specifying that he was
14 acquitted of that charge.  In fact, as respondent points out, a federal habeas court does not have
15 the authority to revise a state court judgment.  As explained by the United States Supreme Court
16 in *Fay v. Noia*:

> Habeas lies to enforce the right of personal liberty; when that right
> is denied and a person confined, the federal court has the power to
> release him.  Indeed, it has no other power; it cannot revise the state
> court judgment; it can act only on the body of the petitioner.

20 372 U.S. at 430-31, *overruled in part* by *Wainwright v. Sykes*, 433 U.S. 72, 85 (1977) and
21 *superseded as recognized by Coleman v. Thompson*, 501 U.S. 722, 724 (1991).  Under the
22 circumstances presented by this case, the state court did not unreasonably apply federal law in
23 concluding that petitioner was not entitled to relief with respect to his claim that his right to due
24 process was violated by the Ninth Circuit's failure to order, and the California Superior Court's
25 failure to impose, a judgment of acquittal on the arson charge.  *See Moses v. Payne*, 555 F.3d 742,
26 754 (9th Cir. 2009) ("we conclude that when a Supreme Court decision does not 'squarely
27 address[ ] the issue in th[e] case . . . it cannot be said, under AEDPA, there is 'clearly established'
28 Supreme Court precedent addressing the issue before us, and so we must defer to the state court's

1  decision"). In the absence of an on point decision by the United States Supreme Court, the state
2  court's decision with respect to this due process claim is not contrary to or an unreasonable
3  application of Supreme Court authority.

4  In part, petitioner appears to be arguing that the final resolution by the state courts of his
5  successful federal habeas petition denied him his right to due process because, absent a specific
6  order of acquittal, he does not have protection under the Double Jeopardy Clause from further
7  prosecution on the arson charge. Petitioner is mistaken. "The Double Jeopardy Clause bars
8  retrial where insufficient evidence supported a conviction." *United States v. Vera*, 770 F.3d 1232,
9  1250 (9th Cir. 2014). Thus, the government may not retry a defendant when the prosecution
10 introduces insufficient evidence to support his initial conviction. *Burks v. United States*, 437 U.S.
11 1, 18 (1978). *See also Lockhart v. Nelson*, 488 U.S. 33, 39 (1988) ("*Burks* held that when a
12 defendant's conviction is reversed by an appellate court on the sole ground that the evidence was
13 insufficient to sustain the jury's verdict, the Double Jeopardy Clause bars a retrial on the same
14 charge); *Richardson v. United States*, 468 U.S. 317, 327 (1984) (the "holding in *Burks* established
15 . . . that an appellate court's finding of insufficient evidence to convict on appeal from a judgment
16 of conviction is [,] for double jeopardy purposes, the equivalent of an acquittal."). Because the
17 federal court in this case found that petitioner's conviction for arson of an inhabited structure was
18 not supported by sufficient evidence, petitioner cannot be retried on that charge. *Burks*, 437 U.S.
19 at 18; *Richardson*, 468 U.S. at 327. Put another way, jeopardy was terminated when the federal
20 court determined that petitioner's arson conviction lacked sufficient evidence. *Richardson*, 468
21 U.S. at 326. For purposes of the Double Jeopardy Clause, petitioner has been acquitted of the
22 crime of arson of an inhabited structure, notwithstanding the Superior Court's failure to issue an
23 order specifically using the word "acquitted." *Id.*

24 Petitioner may be arguing that the state court's failure to specifically order his acquittal on
25 the charge of arson of an inhabited structure leaves him open to prosecution on the lesser included
26 charge of arson of a structure, in violation of § 451(c). Assuming *arguendo* that this argument is
27 properly before the court, it is unavailing. In *Douglas v. Jacquez*, the Ninth Circuit quoted the
28 opinion in *United States v. Gooday*, 714 F.2d 80, 82 (9th Cir. 1983) for the following proposition:

16

> if no instructions are given on lesser included offenses . . . an *acquittal* on [a greater] charge necessarily implies an acquittal on all lesser offenses included within that charge. An acquittal on the explicit charge therefore bars subsequent indictment on the implicit lesser included offenses.

626 F.3d at 506. As explained above, "an appellate court's finding of insufficient evidence to convict on appeal from a judgment of conviction is [,] for double jeopardy purposes, the equivalent of an acquittal." *Richardson*, 468 U.S. at 327. Because petitioner was acquitted on the charge of violating Cal. Penal Code § 451(b), he appears to also enjoy protection under the Double Jeopardy Clause from prosecution for a violation of Cal. Penal Code § 451(c), which is a lesser included offense to the charge of which he was acquitted. *Douglas*, 626 F.3d at 506.

Petitioner cites language in several cases which appears to suggest that a defendant who successfully challenges a conviction for insufficiency of the evidence is entitled not only to a reversal of his conviction but also to an order to the trial court to enter a judgment of acquittal with respect to that conviction. *See, e.g.*, *United States v. Bishop*, 959 F.2d 820, 828-29 (9th Cir. 1992), *overruled on other grounds as recognized by Boyde v. Brown*, 404 F.3d 1159, 1171 n.10 (9th Cir. 2005) ("the defendant who successfully challenges a conviction for insufficiency of the evidence is entitled not only to a reversal of his conviction but also to an order directing the district court to enter a judgment of acquittal with respect to that conviction"); *United States v. Bodey*, 607 F.2d 265 (9th Cir. 1979) (because defendant was entitled to a judgment of acquittal at his first trial, the double jeopardy clause barred the Government from bringing him to trial a second time on the same charge); *Sumpter v. DeGroote*, 552 F.2d 1206, 1211-1212 (7th Cir. 1977) ("reversals based on the failure of the prosecution's proof represent the judgment of an appellate court that the defendant was entitled to a directed acquittal at trial"). However, in *Bishop* and *Bodey*, the defendants had moved for a judgment of acquittal in the trial court on sufficiency of the evidence grounds. The appellate court simply concluded that those motions for acquittal should have been granted. Petitioner has presented no evidence that he moved for acquittal on the arson charge in the trial court. In *Sumpter*, the Seventh Circuit held that where the petitioner's conviction of prostitution was affirmed in part and a remand granted solely to permit the state to submit proof of an essential element of the crime charged lacking at trial,

17

1  rather than being reversed outright and a new trial granted to put the prosecution and the
2  petitioner on an equal footing on remand, the limited remand violated the petitioner's right not to
3  be placed twice in jeopardy for the same offense. Those facts are not present in the instant case.
4  Because of the factual differences between this case and the cases cited by petitioner, *Biship,*
5  *Bodey,* and *Sumpter* do not dictate the result here.

6  Petitioner also appears to be arguing that the state court's failure to issue a judgment of
7  acquittal on the charge of arson of an occupied structure has prevented him from obtaining a
8  retrial of his murder charge. This argument is too speculative to warrant federal habeas relief.
9  There is no evidence that petitioner's murder conviction would be reversed if the Superior Court
10 issued an order specifically acquitting him of the arson charge. Similarly, petitioner's claim that
11 his restitution fine would be withdrawn if he were to receive an order acquitting him of the arson
12 charge is too speculative to warrant relief in this court. On the contrary, the California Superior
13 Court explained that petitioner's restitution award was supported by the facts of his crimes and by
14 his murder conviction, and not simply by his conviction on the arson charge. Resp't's Lodg. Doc.
15 3 at consecutive p. 2.

16 For the foregoing reasons, petitioner is not entitled to federal habeas relief on his due
17 process claims.

### 3. Restitution Fine

19 To the extent petitioner's allegations could be construed to constitute a general challenge
20 to the imposition of the restitution award to the Sacramento Fire Department, his claim is not
21 cognizable in this action.

22 The federal writ of habeas corpus is only available to persons "in custody" at the time the
23 petition is filed. 28 U.S.C. §§ 2241(c), 2254(a); *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968).
24 This requirement is jurisdictional. *Id.* The Ninth Circuit has explicitly held that "an attack on a
25 restitution order is not an attack on the execution of a custodial sentence . . . [Thus,] § 2254(a)
26 does not confer jurisdiction over a challenge to a restitution order." *Bailey v. Hill*, 599 F.3d 976,
27 983 (9th Cir. 2010) (citing *United States v. Kramer*, 195 F.3d 1129 (9th Cir. 1999)). With regard
28 to petitioner's challenge to the restitution portion of his sentence, the "custody" requirement of

Section 2254(a) is not satisfied and the court does not have jurisdiction to entertain this claim. In addition, to the extent petitioner's claim challenging his restitution order concern violations of state law, petitioner has failed to state a cognizable federal habeas claim. As set forth above, federal habeas relief does not lie for violations of state law. *Estelle*, 502 U.S. at 67; *Jammal v. Van de Kamp*, 926 F.2d 918, 919 (9th Cir. 1991) ("the issue for us, always, is whether the state proceedings satisfied due process; the presence or absence of a state law violation is largely beside the point").

**IV. Conclusion**

For the foregoing reasons, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: August 9, 2016.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE